IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 WELFARE,<br>ANNUITY, APPRENTICESHIP, and LABOR<br>MANAGEMENT COOPERATION FUNDS, by<br>ANTHONY DESTEFANO, in his official capacity as a<br>fiduciary and I.U.P.A.T. DISTRICT COUNCIL #57<br>5 Hot Metal Street, Suite 200<br>Pittsburgh, PA  15203<br><br>I.U.P.A.T. DISTRICT COUNCIL #21 HEALTH AND<br>WELFARE, ANNUITY, APPRENTICESHIP,<br>SCHOLARSHIP, VACATION, FINISHING TRADES<br>INSTITUTE OF EASTERN PENNSYLVANIA AND<br>VICINITY, and JOB ORGANIZATION, by<br>JOSEPH ASHDALE, in his official capacity as a<br>fiduciary and I.U.P.A.T. DISTRICT COUNCIL #21<br>2980 Southampton Road<br>Philadelphia, PA 19154<br><br>INTERNATIONAL PAINTERS AND ALLIED<br>TRADES INDUSTRY PENSION FUND, by<br>GARY J. MEYERS, in his official capacity<br>as a fiduciary<br>FINISHING TRADES INSTITUTE f/k/a<br>INTERNATIONAL UNION OF PAINTERS<br>AND ALLIED TRADES JOINT<br>APPRENTICESHIP AND TRAINING FUND,<br>POLITICAL ACTION TOGETHER FUND, and<br>PAINTERS AND ALLIED TRADES LABOR<br>MANAGEMENT COOPERATION INITIATIVE<br>7234 Parkway Avenue<br>Hanover, MD 21076<br>　　　　　　　　　Plaintiffs<br><br>v.<br><br>PANTHERA PAINTING, INC., and ANDREW<br>MANGANAS and JUSTIN HAUTH and<br>CHRISTINA HAUTH<br>333 Morganza Road<br>Canonsburg, PA 15317<br>　　　　　　　　　Defendants. | CIVIL ACTION No. 13-0364 |

## AMENDED COMPLAINT

Plaintiffs, by undersigned counsel and with the consent of Defendants' counsel, submit

the following complaint:

## JURISDICTION

1.      Jurisdiction of this action arises under §502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. 1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §185, and/or 28 U.S.C. §1331.  The claims asserted are all made under federal statutes or federal common law, but supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.      A copy of this Complaint is being served on the Secretary of Labor and the Secretary of the Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## VENUE

3.      Venue lies in the Western District of Pennsylvania under 29 U.S.C. §1132(3)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.      I.U.P.A.T. DISTRICT COUNCIL #57 WELFARE, ANNUITY, APPRENTICESHIP AND LABOR MANAGEMENT COOPERATION FUNDS, by ANTHONY DESTEFANO, in his official capacity as a fiduciary (collectively referred to as "D.C. #57 Funds") and administered by Central Data Services, Inc. at 5 Hot Metal Street, Suite 200, Pittsburgh, PA 15203 and I.U.P.A.T. DISTRICT COUNCIL #57.

5.      Plaintiffs, I.U.P.A.T. District Council #21, I.U.P.A.T. DISTRICT COUNCIL #21 HEALTH AND WELFARE, ANNUITY, APPRENTICESHIP, SCHOLARSHIP, VACATION, FINISHING TRADES INSTITUTE OF EASTERN PENNSYLVANIA AND VICINITY, and JOB ORGANIZATION, by JOSEPH ASHDALE, in his official capacity as a fiduciary (collectively referred to as "D.C. #21 Funds").

6.     The D.C. #57 Funds and D.C. #21 Funds (collectively referred to herein as "Combined Funds") are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1002 (1), (2), (3), (21), §1009(C) (1), (B) and §1132, and bring this action in behalf of the trustees, participants and beneficiaries of such funds.

7.     The I.U.P.A.T. District Councils #57 and #21 are labor unions ("Unions") that require wage deductions from covered employees to be paid by employers for dues, organization (D.C. #57 only) and political action (referred to as "Ancillary Funds").  Such Unions have designated their respective Funds to collect such deductions/Ancillary Funds.

8.     Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Pension Fund") is a trust fund established under 29 U.S.C. §186(c)(5).  Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21) for the International Painters and Allied Trades Industry Pension Plan ("Pension Plan").  The Pension Fund is also known and referenced as "I.U.P.A.T. Union and Industry Pension Fund," "I.U.P.A.T. Union and Industry National Pension Fund" in the Labor Agreements relating to this complaint.

9.     The Pension Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business at 7234 Parkway Drive, Hanover, Maryland 21076.  The Pension Plan is also known and referenced as "IUPAT Pension," "I.U.P.A.T. Pension," and "I.U.P.A.T. Union and Industry Pension Plan" in the Labor Agreements relating to this complaint.

10.    The Annuity Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit pension plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business at 7234 Parkway Drive, Hanover,

Maryland 21076.  The Annuity Plan is also known as and referenced as Annuity Fund in the Labor Agreements relating to this complaint.

11.     Plaintiff, Gary J. Meyers ("Meyers") is a fiduciary of the Pension Fund within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due the Pension Fund and related matters.  He has a business address as listed in the caption and is authorized to bring this action on behalf of all Trustees of the Pension Fund.

12.     The Pension Fund and Meyers are authorized collection fiduciary(ies) and agent(s) for:

(a) the Pension Plan;

(b) the Annuity Plan;

(c) the Finishing Trades Institute f/k/a International Union of Painters and Allied Trades Joint Apprenticeship and Training Fund ("FTI"), and

(d) the National Ancillary Funds identified below.

13.     FTI is a trust fund established under 29 U.S.C. §186(c)(5) and "multiemployer plans" and "employee benefit plan" and "employee welfare benefit plan" within the meaning of 29 U.S.C. §1002(37), (1), and (3).  The FTI maintains its principal place of business and is also known as and referenced as "Nat. Apprenticeship," "National Apprentice," "International Finishing Trades Institute Fund," "National Apprenticeship Fund," and "National Painting and Decorating and Drywall Apprenticeship and Manpower Training Fund" in the Labor Agreements relating to this complaint.

14.     The Political Action Together Fund, which includes the Political Action Together – Legislative and Educational Committee and  Political Action Together – Political Committee (jointly or severally, "PAT Fund"), which is an unincorporated association or fund established pursuant to 2 U.S.C. §431 et seq. by the International Union of Painters and Allied Trades for the purpose of advancing the political interests of its members by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.  The PAT

Fund is also known as and referenced as "Political Action Together Fund of the International Union of Painters" and "Political Action" in the Labor Agreements relating to this complaint.

15.     The Painters and Allied Trades Labor Management Cooperation Initiative ("LMCI"), which is an entity that performs certain employer association functions, but is also an unincorporated organization established under 29 U.S.C. §186(c)(9).  The LMCI is also known as and referenced as "Nat. LMCI," "Painters and Allied Trades Labor-Management Cooperation Fund," and "International Union of Painters and Allied Trades Labor-Management Cooperation Initiative" in the Labor Agreements relating to this complaint.

16.     The PAT Fund and LMCI are also jointly or severally referenced as "National Ancillary Funds" and maintain their principal place of business and are administered from 7234 Parkway Drive, Hanover, Maryland 21076.

17.     The Pension Fund and Meyers, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Pension Plan, Annuity Plan, the PAT Fund, FTI and LMCI.  The Pension Fund, PAT Fund, FTI and LMCI are jointly referenced as "National Funds."

18.     The D.C. #57 and D.C. #21 Funds, Pension Plan, Annuity Plan, FTI and, as allowed by law, LMCI Funds, are jointly or severally referenced as the "ERISA Funds."  The ERISA Funds, Ancillary Funds, National Ancillary Funds and Unions are hereinafter jointly or severally referenced as the "Plaintiffs."

19.     Defendant, Panthera Painting, Inc. ("Defendant Contractor") is a corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12), with its principal office and address at 333 Morganza Road, Canonsburg, Pennsylvania 15317.  Defendant Contractor is engaged in the business of operating a painting company in or about Western Pennsylvania.

20.     Defendant, Andrew Manganas ("A. Manganas") is an individual, the Chief Executive Officer and President of Defendant Contractor with a business address as listed in

the caption.

21.     Defendant, Justin Hauth ("J. Hauth") is an individual and the Vice President of Defendant Contractor with a business address as listed in the caption.

22.     Defendant, Christina Hauth ("C. Hauth") is an individual and the Corporate Secretary of Defendant Contractor with a business address as listed in the caption.

<u>**COMMON FACTS**</u>

23.     At all times relevant to this action, the Defendant Contractor was party to or agreed to abide by the terms and conditions of collective bargaining agreements (singly or jointly, "Labor Contracts") with one or more labor unions or district councils affiliated with the International Union of Painters and Allied Trades AFL-CIO, CLC (the locals, district councils and International being jointly referenced as "Union").

24.     The Defendant Contractor also signed or agreed to abide by the terms of the Agreement and Declarations of Trust of the ERISA Funds and Ancillary Funds ("Trust Agreements"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Funds.

25.     Under the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds or other documents, the Defendant Contractor agreed:

        (a)     To make full and timely payment on a monthly basis to the ERISA Funds, Ancillary Funds and Union, as required by the Labor Contracts, Trust Agreements and plan documents.

        (b)     To file monthly remittance reports detailing all employees or work for which contributions were required under the Labor Contract.

        (c)     To produce, upon request, all books and records deemed necessary to conduct an audit of the Defendant Contractor's records concerning its obligations under the Labor Contracts and Trust Agreements and to pay the cost of the audit if found to be delinquent or in

violation of the Trust Agreements or Plan.

(d)     To pay liquidated damages, interest, audit costs, and all costs of litigation, including attorneys' fees, expended to collect any amounts due as a consequence of the Defendant Contractor's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c).

26.     All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

### COUNT I—CLAIM FOR FRINGES AND DEDUCTIONS

#### Plaintiff D.C. #57 Funds v. Defendant Contractor

27.     The averments of Paragraphs 1 through 26 of this Amended Complaint are incorporated by reference as if fully restated.

28.     The amount of contributions the Defendant Contractor is required to pay to Plaintiff D.C. #57 Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

29.     An audit was performed of Defendant Contractor's payroll records covering the period October 1, 2011 through March 31, 2013 ("Audit Period").  Moreover, Defendant Contractor submitted to the D.C. #57 Funds certain project reports (certified payroll records and remittance reports to D.C. #57 Funds) for work performed for J.D. Eckman, Inc. and Gulisek Construction, LLC ("Project Delinquencies.")

30.     Defendant Contractor is required to pay to the Funds certain sums of money for such Defendant's employees who performed work during the period October 1, 2011 through the present with payments to be made by the 15th day of each month, covering the amounts due for the preceding month's operations and to furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts are calculated.

31.     Plaintiff D.C. #57 Funds aver that Defendant Contractor has failed to make timely payment of amounts payable to the Funds for work performed by such Defendant's employees during the effective dates of its Agreement.

32.     Plaintiff D.C. #57 Funds aver that during the Audit Period, there became due and owing to the Funds the principal sum of $131,072.56.  In addition, interest through September 30, 2013 of $15,238.34 and liquidated damages of $13,107.26 are due Plaintiff D.C. #57 Funds for a total deficiency of $159,418.16.  Interest will continue to accrue after September 30, 2013 at the rate of $43.09 per day.

33.     Moreover, the D.C. #57 Funds aver that between April through September 2013, there became due and owing Project Delinquencies and other monies by Defendant Contractor in the total principal of at least $28,687.64.  In addition, interest through September 30, 2013 of $460.00 and liquidated damages of $2,868.76 are due Plaintiff D.C. #57 Funds for a total deficiency of $32,016.40.  Interest will continue to accrue after September 30, 2013 at the rate of $9.43 per day.

34.     Plaintiff D.C. #57 Funds further aver that the amount due and owing to such Funds by Defendant Contractor continues to increase monthly due to Defendant Contractor's failure to pay to such Funds fringe benefits and wage deductions owed for each month after entering into the Agreement.  If it is determined that employer owes additional principal amounts to such Funds, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages at ten (10%) percent times such amounts owed.  In the alternative, Plaintiff D.C. #57 Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

35.     Pursuant to the D.C. #57 Funds' applicable trust agreements, Defendant Contractor is also obligated to such Funds for attorneys' fees equal to twenty percent (20%) of the total delinquency.  Such fees and expenses total $38,286.91 through September 30, 2013. Plaintiff D.C. #57 Funds also claim attorneys' fees on any additional amounts shown to be due to such Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

36.     Plaintiff D.C. #57 Funds is without an adequate remedy at law, and such Funds

will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, and such Defendant Contractor's Agreement, and is restrained from continuing to refuse to perform as thereunder required.

37.    The Defendant Contractor is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit Plaintiff D.C. #57 Funds to audit their records, to cooperate in determining the contributions due such Plaintiff, and to pay the cost of the audit if found to be delinquent.

WHEREFORE, Plaintiff D.C. #57 Funds demand the following relief:

a.    The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its Agreement and the D.C. #57 Funds' trust agreements; and

b.    A money judgment in favor of the D.C. #57 Funds and against the Defendant Contractor in the amount of $191,301.79 for the Audit Period and $38,419.69 thereafter, plus such additional amounts shown to be owed to Plaintiff D.C. #57 Funds until termination of this case, plus liquidated damages of 10%, attorneys' fees of 20% of total amount due and costs of suit, and

c.    For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the D.C. #57 Funds since the last audit conducted by such Funds; and

d.    For the Defendant Contractor to be required to file monthly Transmittal Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

e.      A money judgment in favor of the D.C. #57 Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the D.C. #57 Funds, as required by such Defendant's Agreement; and

f.      Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

g.      Reasonable attorneys' fees for further litigation preparation; and

h.      Additional interest on the above principal amounts from the dates they became due and owing; and

i.      For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

j.      That the Court retain jurisdiction of this case pending compliance with its orders; and

k.      For such other and further relief as the Court may deem just.

### COUNT II—CLAIM FOR FRINGES AND DEDUCTIONS

**Plaintiff D.C. #21 Funds v. Defendant Contractor**

38.      The averments of Paragraphs 1 through 26 of this Amended Complaint are incorporated by reference as if fully restated.

39.      The amount of contributions the Defendant Contractor is required to pay to Plaintiff D.C. #21 Funds is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

40.      An audit was performed of Defendant Contractor's payroll records covering the period October 1, 2011 through March 31, 2013 ("Audit Period").  Moreover, Defendant Contractor submitted to the D.C. #21 Funds certain project reports (certified payroll records and remittance reports to D.C. #21 Funds) for work performed for J.D. Eckman, Inc. and Gulisek Construction, LLC ("Project Delinquencies").

41.     Defendant Contractor is required to pay to the D.C. #21 Funds certain sums of money for such Defendant's employees who performed work during the period October 1, 2011 through the present with payments to be made by the 30th day of each month, covering the amounts due for the preceding month's operations and to furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts are calculated.

42.     Plaintiff D.C. #21 Funds aver that Defendant Contractor has failed to make timely payment of amounts payable to the Funds for work performed by such Defendant's employees during the effective dates of its Agreement.

43.     Plaintiff D.C. #21 Funds aver that during the Audit Period, there became due and owing to the Funds the principal sum of $155,554.86.  In addition, interest through September 30, 2013 of $7,390.48 and liquidated damages of $31,110.97 are due Plaintiff D.C. #21 Funds for a total deficiency of $194,056.31.  Interest will continue to accrue after September 30, 2013.

44.     Moreover, the D.C. #21 Funds aver that between January through September 2013, there became due and owing Project Delinquencies by Defendant Contractor in the total principal of at least $74,353.56, plus interest and liquidated damages.

45.     Plaintiff D.C. #21 Funds further aver that the amount due and owing to such Funds by Defendant Contractor continues to increase monthly due to Defendant Contractor's failure to pay to such Funds fringe benefits and wage deductions owed for each month after entering into the Agreement.   If it is determined that employer owes additional principal amounts to such Funds, interest will be assessed on such principal amounts and liquidated damages at twenty (20%) percent times such amounts owed.   In the alternative, Plaintiff D.C. #21 Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

46.     Pursuant to the D.C. #21 Funds' applicable trust agreements, Defendant Contractor is also obligated to such Funds for reasonable attorneys' fees.  In the alternative, the amount of such fees may be determined by the Court.

47.     Plaintiff D.C. #21 Funds is without an adequate remedy at law, and such Funds will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, and such Defendant Contractor's Agreement, and is restrained from continuing to refuse to perform as thereunder required.

48.     The Defendant Contractor is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Plaintiff D.C. #21 to audit their records, to cooperate in determining the contributions due such Plaintiff, and to pay the cost of the audit if found to be delinquent.

WHEREFORE, Plaintiff D.C. #21 Funds demand the following relief:

a.     The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its Agreement and the D.C. #21 Funds' trust agreements; and

b.     A money judgment in favor of the D.C. #21 Funds and against the Defendant Contractor in the amount of $194,056.31 for the Audit Period and at least $74,353.56 for the Project Delinquencies, plus such additional amounts shown to be owed to Plaintiff D.C. #21 Funds until termination of this case, plus interest, liquidated damages of 20%, reasonable attorneys' fees and costs of suit, and

c.     For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the D.C. #21 Funds since the last audit conducted by such Funds; and

d.     For the Defendant Contractor to be required to file monthly Transmittal Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

e.    A money judgment in favor of the D.C. #21 Funds and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the D.C. #21 Funds, as required by such Defendant's Agreement; and

f.    Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

g.    Reasonable attorneys' fees for further litigation preparation; and

h.    Additional interest on the above principal amounts from the dates they became due and owing; and

i.    For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

j.    That the Court retain jurisdiction of this case pending compliance with its orders; and

k.    For such other and further relief as the Court may deem just.

## COUNT III—CLAIM FOR FRINGES AND DEDUCTIONS

### Plaintiff National Pension Fund v. Defendant Contractor

49.    The averments of Paragraphs 1 through 26 of this Amended Complaint are incorporated by reference as if fully restated.

50.    The amount of contributions the Defendant Contractor is required to pay to Plaintiff National Pension Fund is based upon hours worked and paid to employees performing work covered by the Labor Contracts.

51.    An audit was performed of Defendant Contractor's payroll records covering the period October 1, 2011 through March 31, 2013 ("Audit Period").  Moreover, Defendant Contractor submitted to the National Pension Fund certain project reports (certified payroll records and remittance reports to National Pension Fund) for work performed for J.D. Eckman, Inc. and Gulisek Construction, LLC ("Project Delinquencies").

52.     Defendant Contractor is required to pay to the National Pension Fund certain sums of money for such Defendant's employees who performed work during the period October 1, 2011 through the present with payments to be made by the date required each month in the local labor agreement, covering the amounts due for the preceding month's operations and to furnish monthly reports showing the hours worked and the gross wages paid with respect to which the amounts are calculated.

53.     Plaintiff National Pension Fund aver that Defendant Contractor has failed to make timely payment of amounts payable to the Funds for work performed by such Defendant's employees during the effective dates of its Agreement.

54.     Plaintiff National Pension Fund avers that during the above Audit Period, there became due and owing to the Funds the principal sum of $256,480.85.  In addition, interest through September 30, 2013 of $11,295.11 are due Plaintiff National Pension Fund for a total deficiency of $267,775.96.  Interest will continue to accrue after September 30, 2013.

55.     Moreover, the National Pension Fund avers that between January through September 2013, there became due and owing Project Delinquencies and other monies by Defendant Contractor in the total principal of at least $53,617.19, plus interest and liquidated damages.

56.     Plaintiff National Pension Fund further avers that the amount due and owing to such Funds by Defendant Contractor continues to increase monthly due to Defendant Contractor's failure to pay to such Funds fringe benefits and wage deductions owed for each month after entering into the Agreement.  If it is determined that employer owes additional principal amounts to such Fund, interest will be assessed on such principal amounts and liquidated damages at twenty (20%) percent times such amounts owed.  In the alternative, Plaintiff National Pension Fund reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

57.     Pursuant to the National Pension Fund's applicable trust agreements, Defendant Contractor is also obligated to such Fund for reasonable attorneys' fees equal to twenty percent (20%) of the total delinquency.  Such fees and expenses total $64,278.63 through September 30, 2013.  Plaintiff National Pension Fund also claims attorneys' fees on any additional amounts shown to be due to such Fund until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

58.     Plaintiff National Pension Fund is without an adequate remedy at law, and such Funds will suffer immediate, continuing and irreparable injury, loss and damage unless Defendant Contractor is ordered to specifically perform in accordance with the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §1001-1381, and such Defendant Contractor's Agreement, and is restrained from continuing to refuse to perform as thereunder required.

59.     The Defendant Contractor is required by the Labor Contracts, Trust Agreements, plan documents of the ERISA Funds and/or applicable law to permit the Plaintiff National Pension Fund to audit their records, to cooperate in determining the contributions due such Plaintiff, and to pay the cost of the audit if found to be delinquent.

WHEREFORE, Plaintiff National Pension Fund demands the following relief:

a.     The issuance of a permanent injunction upon hearing of this case, enjoining the Defendant Contractor from violating the terms of its Agreement and the National Pension Fund trust agreements; and

b.     A money judgment in favor of the National Pension Fund and against the Defendant Contractor in the amount of $321,331.15 for the Audit Period and $64,340.63 thereafter, plus such additional amounts shown to be owed to Plaintiff National Pension Fund until termination of this case, plus reasonable attorneys' fees of 20% of total amount due and costs of suit, and

c.      For the Defendant Contractor to be required, in compliance with the terms of its Agreement, to present for inspection and/or copying all records pertaining to the hours worked by the Defendant Contractor's employees necessary to verify the accuracy of the amounts paid and/or due and owing to the National Pension Fund since the last audit conducted by such Fund; and

d.      For the Defendant Contractor to be required to file monthly Transmittal Reports covering its operations during the effective dates of its Agreement and through the pendency of this action; and

e.      A money judgment in favor of the National Pension Fund  and against the Defendant Contractor for additional amounts determined to be due and owing upon such Defendant's submission of its monthly reports and upon such Defendant permitting an audit of its records by the National Pension Fund, as required by such Defendant's Agreement; and

f.      Audit costs, court filing fees and litigation costs, and other costs and disbursements in this action; and

g.      Reasonable attorneys' fees for further litigation preparation; and

h.      Additional interest on the above principal amounts from the dates they became due and owing; and

i.       For payment in full of any additional amounts that may become due during the pendency of these proceedings; and

j.      That the Court retain jurisdiction of this case pending compliance with its orders; and

k.      For such other and further relief as the Court may deem just.

### <u>COUNT IV—ERISA BREACH OF FIDUCIARY DUTY ACTION</u>

**D.C. #57 Funds v. A. Manganas, J. Hauth and C. Hauth**

60.      The averments contained in paragraphs 1 through 37 of this Amended Complaint are hereby incorporated by reference herein.

61.     At all times material hereto, individual defendant A. Manganas, J. Hauth and C. Hauth served as the principal officers of Defendant Contractor and had check writing and supervisory authority.

62.     As such, A. Manganas, J. Hauth and C. Hauth are responsible for collection of all monies payable to the D.C. #57 Funds resulting from the labor performed by painters covered under such Labor Contracts.

63.     A. Manganas, J. Hauth and C. Hauth are also ultimately responsible for submitting monthly remittance reports with fringe benefit contributions and wage deductions to the D.C. #57 Funds.

64.     A. Manganas, J. Hauth and C. Hauth also have the authority to make decisions as to what obligations and/or payments of Defendant Contractor were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

65.     At the time such fringe benefit contributions became due and payable by Defendant Contractor to the Combined Funds, such monies became assets of the Combined Funds.

66.     Based upon the foregoing, A. Manganas, J. Hauth and C. Hauth constitute "fiduciaries" under ERISA.

67.     A. Manganas, J. Hauth and C. Hauth breached their fiduciary duties to the D.C. #57 Funds by failing to pay to the Funds such contributions once they became due and payable, and are therefore liable for all fringe benefits and associated interest, liquidated damages, attorneys' fees, and legal costs owed by Defendant Contractor to the D.C. #57 Funds.

68.     The principal contributions owed to Plaintiff D.C. #57 covering the period October 1, 2011 through present total at least $141,354.95.  In addition, interest through September 30, 2013 of $13,846.32 is due and liquidated damages of $14,122.29 are due to Plaintiff, for a total

deficiency of $169,323.56.  Interest will continue to accrue after September 30, 2013 at the rate of $46.47 per day.

69.     Plaintiff D.C. #57 Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to such Plaintiff until the termination of this case.  If it is determined that employer owes additional principal amounts to such Plaintiff, interest will be assessed on such principal amounts at one (1%) percent per month and liquidated damages at ten (10%) percent times such amounts owed.   In the alternative, Plaintiff D.C. #57 Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

70.     Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff D.C. #57 to pay reasonable attorneys' fees equal to twenty (20%) percent of the total delinquency.  Such fees and expenses total $33,864.71 through September 30, 2013.  Plaintiff D.C. #57 Funds also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff D.C. #57 Funds until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

71.     Pursuant to ERISA, the Labor Contracts and the Trust Agreements, Defendant Contractor and individual defendants are also obligated to the D.C. #57 Funds to pay such Plaintiffs reasonable attorneys' and auditor's fees.

**WHEREFORE**, Plaintiff D.C. #57 Funds demand that judgment be entered against Defendants, Andrew Manganas, Justin Hauth and Christina Hauth, in the total amount of $203,188.27, plus attorneys' and auditor's fees and legal costs.

## COUNT V—ERISA BREACH OF FIDUCIARY DUTY ACTION

### D.C. #21 Funds v. A. Manganas, J. Hauth and C. Hauth

72.     The averments contained in paragraphs 1 through 26 and 38 through 48 of this Amended Complaint are hereby incorporated by reference herein.

73.     At all times material hereto, individual defendant A. Manganas, J. Hauth and C. Hauth served as the principal officers of Defendant Contractor and had check writing and supervisory authority.

74.     As such, A. Manganas, J. Hauth and C. Hauth are responsible for collection of all monies payable to the D.C. #21 Funds resulting from the labor performed by painters covered under such Labor Contracts.

75.     A. Manganas, J. Hauth and C. Hauth are also ultimately responsible for submitting monthly remittance reports with fringe benefit contributions and wage deductions to the D.C. #21 Funds.

76.     A. Manganas, J. Hauth and C. Hauth also have the authority to make decisions as to what obligations and/or payments of Defendant Contractor were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

77.     At the time such fringe benefit contributions became due and payable by Defendant Contractor to the Combined Funds, such monies became assets of the Combined Funds.

78.     Based upon the foregoing, A. Manganas, J. Hauth and C. Hauth constitute "fiduciaries" under ERISA.

79.     A. Manganas, J. Hauth and C. Hauth breached their fiduciary duties to the D.C. #21 Funds by failing to pay to the Funds such contributions once they became due and payable, and are therefore liable for all fringe benefits and associated interest, liquidated

damages, attorneys' fees, and legal costs owed by Defendant Contractor to the D.C. #21 Funds.

80.     The principal contributions owed to Plaintiff D.C. #21 for October 1, 2011 through the present total at least $185,666.74.   In addition, interest through September 30, 2013 of $6,060.19 is due and liquidated damages of $25,511.00 are due to Plaintiff, for a total deficiency of $217,237.93.  Interest will continue to accrue after September 30, 2013.

81.     Plaintiff D.C. #21 Funds also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to such Plaintiff until the termination of this case.  If it is determined that employer owes additional principal amounts to such Plaintiff, interest will be assessed on such principal amounts and liquidated damages at twenty (20%) percent times such amounts owed. In the alternative, Plaintiff D.C. #21 Funds reserve the right to assert a claim for such additional amounts due either in this or a separate legal action.

82.     Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff D.C. #21 to pay reasonable attorneys' fees.   In the alternative, the amount of such fees may be determined by the Court.

83.     Pursuant to ERISA, the Labor Contracts and the Trust Agreements, Defendant Contractor and individual defendants are also obligated to the D.C. #21 Funds to pay such Plaintiffs' reasonable attorneys' and auditor's fees.

**WHEREFORE**, Plaintiff D.C. #21 Funds demand that judgment be entered against Defendants, Andrew Manganas, Justin Hauth and Christina Hauth, in the total amount of $260,685.52, plus attorneys' and auditor's fees and legal costs.

<u>**COUNT VI—ERISA BREACH OF FIDUCIARY DUTY ACTION**</u>

**National Pension Fund v. A. Manganas, J. Hauth and C. Hauth**

84.     The averments contained in paragraphs 1 through 26 and 49 through 59 of this Amended Complaint are hereby incorporated by reference herein.

85.     At all times material hereto, individual defendant A. Manganas, J. Hauth and C. Hauth served as the principal officers of Defendant Contractor and had check writing and supervisory authority.

86.     As such, A. Manganas, J. Hauth and C. Hauth are responsible for collection of all monies payable to the National Pension Fund resulting from the labor performed by painters covered under such Labor Contracts.

87.     A. Manganas, J. Hauth and C. Hauth are also ultimately responsible for submitting monthly remittance reports with fringe benefit contributions and wage deductions to the National Pension Fund.

88.     A. Manganas, J. Hauth and C. Hauth also have the authority to make decisions as to what obligations and/or payments of Defendant Contractor were to be paid and which ones were not to be paid, including the authority to make payments for their own personal benefit.

89.     At the time such fringe benefit contributions became due and payable by Defendant Contractor to the Combined Funds, such monies became assets of the Combined Funds.

90.     Based upon the foregoing, A. Manganas, J. Hauth and C. Hauth constitute "fiduciaries" under ERISA.

91.     A. Manganas, J. Hauth and C. Hauth breached their fiduciary duties to the National Pension Fund by failing to pay to the Funds such contributions once they became due and payable, and are therefore liable for all fringe benefits and associated interest, liquidated

damages, attorneys' fees, and legal costs owed by Defendant Contractor to the National Pension Fund.

92.     The principal contributions owed to Plaintiff National Pension Fund for October 1, 2011 through March 31, 2013 total $254,587.55.  In addition, interest on such principal through September 30, 2013 of $11,241.91 is due and liquidated damages of $50,917.51 are due to Plaintiff, for a total deficiency of at least $316,746.97.  Interest will continue to accrue after September 30, 2013.

93.     Plaintiff National Pension Fund also claim any additional amounts which may be shown to be due as a result of any audits performed by Plaintiff or remittance reports submitted by Defendant Contractor to such Plaintiff until the termination of this case.  If it is determined that employer owes additional principal amounts to such Plaintiff, interest will be assessed on such principal amounts and liquidated damages at twenty (20%) percent times such amounts owed.  In the alternative, Plaintiff National Pension Fund reserves the right to assert a claim for such additional amounts due either in this or a separate legal action.

94.     Pursuant to ERISA, Defendant Contractor is also obligated to Plaintiff National Pension Fund  to pay reasonable attorneys' fees equal to twenty (20%) percent of the total delinquency.  Such fees and expenses total $63,349.39 through September 30, 2013.  Plaintiff National Pension Fund also claim attorneys' fees of twenty (20%) percent on any additional amounts shown to be due to Plaintiff National Pension Fund until termination of this case.  In the alternative, the amount of such fees may be determined by the Court.

95.     Pursuant to ERISA, the Labor Contracts and the Trust Agreements, Defendant Contractor and individual defendants are also obligated to the National Pension Fund to pay such Plaintiffs reasonable attorneys' and auditor's fees.

**WHEREFORE**, Plaintiff National Pension Fund demands that judgment be entered against Defendants, Andrew Manganas, Justin Hauth and Christina Hauth, in the total amount of $380,096.36, plus attorneys' and auditor's fees and legal costs.

## COUNT VII—STATE COMMON LAW CONVERSION ACTION

### D.C. #57 Funds v. A. Manganas, J. Hauth and C. Hauth

96.     The averments contained in paragraphs 1 through 37 of this Amended Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

97.     Pursuant to such Labor Contracts, Defendant Contractor withheld monies from its employees' wages for Union Dues Deduction, Organizing and Political Action/PAT Funds that were required to be remitted to the D.C. #57 Funds.

98.     In violation of the Labor Contracts, Defendant Contractor failed to remit such deductions for such deductions to the D.C. #57 Funds.

99.     Defendants, A. Manganas, J. Hauth and C. Hauth exercised dominion and control over the employee wage withholdings totaling at least $18,405.25, and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor.

100.    Based upon the foregoing, Defendants, A. Manganas, J. Hauth and C. Hauth intentionally converted such monies that were rightfully due and payable to Plaintiff D.C. #57 Funds.

101.    Plaintiff D.C. #57 Funds is also entitled to receive from Defendants, A. Manganas, J. Hauth and C. Hauth interest through September 30, 2013 on such late payments of $1,852.03, plus additional interest from September 30, 2013 of $6.05 per day.

**WHEREFORE**, Plaintiff D.C. #57 Funds demand entry of a judgment in their favor and against Defendants Andrew Manganas, Justin Hauth and Christina Hauth in the total amount of $20,257.28, plus additional interest from September 30, 2013 at the rate of $6.05 per day.

## COUNT VIII—STATE COMMON LAW CONVERSION ACTION

### D.C. #21 Funds v. A. Manganas, J. Hauth and C. Hauth

102.    The averments contained in paragraphs 1 through 26 and 38 through 48 of this Amended Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

103.    Pursuant to such Labor Contracts, Defendant Contractor withheld monies from its employees' wages for Union Dues Deduction, Organizing and Political Action/PAT Funds that were required to be remitted to the D.C. #21 Funds.

104.    In violation of the Labor Contracts, Defendant Contractor failed to remit such deductions for such deductions to the D.C. #21 Funds.

105.    Defendants, A. Manganas, J. Hauth and C. Hauth exercised dominion and control over the employee wage withholdings totaling at least $44,241.68, and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor.

106.    Based upon the foregoing, Defendants, A. Manganas, J. Hauth and C. Hauth intentionally converted such monies that were rightfully due and payable to Plaintiff D.C. #21 Funds.

107.    Plaintiff D.C. #21 Funds is also entitled to receive from Defendants, A. Manganas, J. Hauth and C. Hauth interest through September 30, 2013 on such late payments of $1,330.26, plus additional interest from September 30, 2013.

**WHEREFORE**, Plaintiff D.C. #21 Funds demand entry of a judgment in their favor and against Defendants Andrew Manganas, Justin Hauth and Christina Hauth in the total amount of $45,571.94, plus additional interest from September 30, 2013.

## COUNT IX—STATE COMMON LAW CONVERSION ACTION

### National Pension Fund v. A. Manganas, J. Hauth and C. Hauth

108.    The averments contained in paragraphs 1 through 26 and 49 through 59 of this Amended Complaint are hereby incorporated by reference herein.  The Court has supplemental jurisdiction of the claim set forth in this Count pursuant to 28 U.S.C. § 1367.

109.    Pursuant to such Labor Contracts, Defendant Contractor withheld monies from its employees' wages for Union Dues Deduction, Organizing and Political Action/PAT Funds that were required to be remitted to the National Pension Fund.

110.    In violation of the Labor Contracts, Defendant Contractor failed to remit such deductions for such deductions to the National Pension Fund.

111.    Defendants, A. Manganas, J. Hauth and C. Hauth exercised dominion and control over the employee wage withholdings totaling at least $1,893.30, and authorized and/or permitted such monies to be used to pay other obligations of Defendant Contractor.

112.    Based upon the foregoing, Defendants, A. Manganas, J. Hauth and C. Hauth intentionally converted such monies that were rightfully due and payable to Plaintiff National Pension Fund.

113.    Plaintiff National Pension Fund is also entitled to receive from Defendants, A. Manganas, J. Hauth and C. Hauth interest through September 30, 2013 on such late payments of $53.20, plus additional interest from September 30, 2013.

**WHEREFORE**, Plaintiff National Pension Fund demand entry of a judgment in their favor and against Defendants Andrew Manganas, Justin Hauth and Christina Hauth in the total amount of $1,946.50, plus additional interest from September 30, 2013.

### Count X—INJUNCTION

### Plaintiffs v. Defendants

114.    The averments contained in Paragraphs 1 through 113 of this Amended Complaint are incorporated by reference as if fully restated.

115.    A money judgment or other remedy available at law is inadequate because the Defendant Contractor has shown its disregard of its contractual and legal obligations by a consistent pattern of non-cooperation with the Plaintiffs' auditors, delinquencies and late payment of contributions and deductions.

116.    Unless ordered to do otherwise by this Court, Defendant Contractor will continue to refuse to cooperate with the Plaintiffs' auditors, to submit the required remittance reports, and to pay the contributions presently due and owing or which become due and owing in the future, and the Funds and their participants will be irreparably damaged.

**WHEREFORE**, Plaintiffs ask that the Court:

(a.)    Permanently restrain and enjoin the Defendant Contractor, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them from continuing to violate the terms of the Labor Agreements entered into by Defendant Contractor and from violating such other collective bargaining agreements as may from time to time be entered by Defendant Contractor providing for cooperation with the Plaintiffs' auditors, the timely filing of remittance reports with complete, accurate and proper information, and the timely payment of contributions to the Plaintiffs for so long as the Defendant Contractor is contractually required to do so.

(b.)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT XI—PROHIBITED TRANSACTION

### Pension and Annuity Plans v. A. Manganas, J. Hauth and C. Hauth

117.    The averments contained in paragraphs 1 through 26, 49 through 59 and 84 through 95 of this Amended Complaint are hereby incorporated by reference herein.

118.    Defendant Contractor, A. Manganas, J. Hauth and C. Hauth are parties-in-interest with respect to the Pension Fund within the meaning of 29 U.S.C. §§ 1002(14).

119.    29 U.S.C. § 1106(a) provides in part:

A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect …

(D) transfer to, or use by or for the benefit of a party-in-interest, of any assets of the plan.

120.    29 U.S.C. § 1106(a) separately and additionally prohibits the sale or exchange, lease, lending of money or other extension of credit, or furnishing of goods, services or facilities between a plan and a party-in-interest.

121.    29 U.S.C. § 1106(b) provides in part:

A fiduciary with respect to a plan shall not –

(1)     deal with the assets of the plan in his own interest or for his own account,

(2)     in his individual or any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, ...

123.    29 U.S.C. § 1106(b)(3) separately prohibits any receipt of consideration by a fiduciary for his own personal account from any party dealing with the plan in connection with a transaction involving the assets of a plan.

124.    29 U.S.C. § 1108(c) permits a fiduciary with respect to an employee benefit plan to receive and retain only the amounts to which he is entitled under the terms of the employee benefit plan on the same basis as other plan participants.

125.    The acts or omissions of A. Manganas, J. Hauth and C. Hauth violate 29 U.S.C. § 1106.

126.    The violations of 26 U.S.C. § 1106 by A. Manganas, J. Hauth and C. Hauth are not exempt under 29 U.S.C. § 1108.  The Pension Plan and Annuity Plan have been damaged or adversely affected by the prohibited transactions.

**WHEREFORE**, Plaintiffs ask that the Court:

(a.)    Require A. Manganas, J. Hauth and C. Hauth to correct the prohibited

transaction;

(b.)     Require A. Manganas, J. Hauth and C. Hauth to make good to the Pension Plan and Annuity Plan any losses resulting from each such breach and to restore to such Pension Plan and Annuity Plan any profits of such fiduciary which have been made through use of assets of the Pension Plan and Annuity Plan by the fiduciary; and

(c.)     Grant any other equitable, remedial or other relief as the law permits and the Court may deem appropriate.

TUCKER ARENSBERG, P.C.


_s/ Jeffrey J. Leech_ _____
Jeffrey J. Leech
PA I.D. #19814
Neil J. Gregorio
PA I.D. #90859
1500 One PPG Place
Pittsburgh, PA 15222
(412) 566-1212
Fax (412) 594-5619
Email:  jleech@tuckerlaw.com
Attorneys for Plaintiffs

JENNINGS SIGMOND, P.C.

_/s/ Dawn M. Costa_ _____
Dawn M. Costa
PA I.D. #90245
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
(215) 351-0616
Fax (215) 922-3524
Email: dcosta@jslex.com

Attorneys for Plaintiffs,
National Pension Fund and Meyers

LIT:553559-1 017324-147965