# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| I.U.P.A.T. DISTRICT COUNCIL #57 WELFARE, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS, by ANTHONY DESTEFANO, in his official capacity as a fiduciary and I.U.P.A.T. DISTRICT COUNCIL #57 5 Hot Metal Street, Suite 200 Pittsburgh, PA 15203 | )<br>)<br>)   CIVIL ACTION No. 13-0364<br>)<br>)<br>)<br>)<br>) |
| I.U.P.A.T. DISTRICT COUNCIL #21 HEALTH AND WELFARE, ANNUITY, APPRENTICESHIP, SCHOLARSHIP, VACATION, FINISHING TRADES INSTITUTE OF EASTERN PENNSYLVANIA AND VICINITY, and JOB ORGANIZATION, by JOSEPH ASHDALE, in his official capacity as a fiduciary and I.U.P.A.T. DISTRICT COUNCIL #21 2980 Southampton Road Philadelphia, PA 19154 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| INTERNATIONAL PAINTERS AND ALLIED TRADES INDUSTRY PENSION FUND, by GARY J. MEYERS, in his official capacity as a fiduciary FINISHING TRADES INSTITUTE f/k/a INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING FUND, POLITICAL ACTION TOGETHER FUND, and PAINTERS AND ALLIED TRADES LABOR MANAGEMENT COOPERATION INITIATIVE 7234 Parkway Avenue Hanover, MD 21076 <br><div align="center">Plaintiffs,</div> | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| v. | )<br>) |
| PANTHERA PAINTING, INC., and ANDREW MANGANAS and JUSTIN HAUTH and CHRISTINA HAUTH 333 Morganza Road Canonsburg, PA 15317 <br><div align="center">Defendants.</div> | )<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

AND NOW, come the Defendants, Panthera Painting, Inc. ("Panthera"), Andrew Manganas, Justin Hauth and Christina Hauth (collectively "Defendants"), by and through their undersigned counsel, Saul Ewing LLP, and submit the following Amended Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, as follows:

### AMENDED ANSWER TO AMENDED COMPLAINT

### JURISDICTION

1.    The allegations of Paragraph 1 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations of jurisdiction to the extent that those allegations are based upon an alleged failure to pay contributions and wages under the labor agreements.  Defendants also deny that supplemental jurisdiction over the alleged state law claims may be properly exercised in this matter.

2.    The allegations of Paragraph 2 concern the actions of parties other than these Defendants, and therefore, no response is required.  Defendants lack sufficient information, following reasonable investigation, to determine the truth or falsity of this averment.

### VENUE

3.    The allegations of Paragraph 3 state conclusions of law to which no response is required.

### PARTIES

4.    The allegations of Paragraph 4 identify a party other than these Defendants, and therefore, no response is required.

5.    The allegations of Paragraph 5 identify a party other than these Defendants, and therefore, no response is required.

6. The allegations of Paragraph 6 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 6 state conclusions of law to which no response is required.

7. The allegations of Paragraph 7 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 7 state conclusions of law to which no response is required.

8. The allegations of Paragraph 8 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 8 state conclusions of law to which no response is required.

9. The allegations of Paragraph 9 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 9 state conclusions of law to which no response is required.

10. The allegations of Paragraph 10 concern a party or entity other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 10 state conclusions of law to which no response is required.

11. The allegations of Paragraph 11 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 11 state conclusions of law to which no response is required.

12. The allegations of Paragraph 12 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 12 state conclusions of law to which no response is required.

13.     The allegations of Paragraph 13 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 13 state conclusions of law to which no response is required.

14.     The allegations of Paragraph 14 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 14 state conclusions of law to which no response is required.

15.     The allegations of Paragraph 15 concern a party other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 15 state conclusions of law to which no response is required.

16.     The allegations of Paragraph 16 concern parties other than these Defendants, and therefore, no response is required.

17.     The allegations of Paragraph 17 concern parties other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 17 state conclusions of law to which no response is required.

18.     The allegations of Paragraph 18 concern parties other than these Defendants, and therefore, no response is required. In further response, the allegations of Paragraph 18 state conclusions of law to which no response is required.

19.     The allegations of Paragraph 19 state conclusions of law to which no response is required. To the extent a response is required, the allegations of Paragraph 19 are admitted to the extent that they alleged that Defendant Panthera is a contractor engaged in the operation of a painting company in or about Western Pennsylvania with its principal offices at 333 Morganza Road, Canonsburg, PA 15317. The remainder of this Paragraph 19 is denied.

20.     The allegations of Paragraph 20 are admitted.

21.     The allegations of Paragraph 21 are admitted in part and denied in part.  It is admitted that Defendant Justin Hauth is an individual.  It is denied that Justin Hauth is Vice President of Panthera, has a business address as listed in the caption, or is otherwise a proper Defendant in this matter.

22.     The allegations of Paragraph 22 are admitted in part and denied in part.  It is admitted that Defendant Christina Hauth is an individual.  It is denied that Christina Hauth is the Corporate Secretary of Panthera, has a business address as listed in the caption, or is otherwise a proper Defendant in this matter.

## COMMON FACTS

23.     The allegations of Paragraph 23 state conclusions of law and rely upon the terms and conditions of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required.  To the extent a response may be required, it is admitted that Panthera is a party to certain of the "Labor Contracts."  To the extent the allegations vary from the terms of the written documents, the same are denied.

24.     The allegations of Paragraph 24 state conclusions of law and rely upon the terms and conditions of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required.  To the extent a response may be required, it is admitted that Panthera is a party to certain of the "Trust Agreements."  To the extent the allegations vary from the terms of the written documents, the same are denied.

25.     The allegations of Paragraph 25 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required.  To the extent the allegations vary from the terms of the written documents, the same are denied.

26.     The allegations of Paragraph 26 state conclusions of law to which no response is required. To the extent a response may be required, it is denied that all conditions precedent to this action or the relief sought therein have been satisfied.

### ANSWER TO COUNT I – CLAIM FOR FRINGES AND DEDUCTIONS

27.     The averments of Paragraphs 1-26 above are incorporated by reference as if fully stated herein.

28.     The allegations of Paragraph 28 state conclusions of law and rely upon the terms of written documents which speak for themselves, and therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

29.     The allegations of Paragraph 29 are directed to a party other than Panthera, and therefore, no response is required. To the extent that a response is required, the allegations are admitted in part and denied in part. It is admitted that Panthera was the subject of an audit for the subject time period and submitted to Plaintiffs certain documents and reports. The remainder of the allegations not specifically admitted are denied.

30.     The allegations of Paragraph 30 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

31.     The allegations of Paragraph 31 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements.

32.     The allegations of Paragraph 32 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

33.     The allegations of Paragraph 33 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

34.     The allegations of Paragraph 34 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

35.     The allegations of Paragraph 35 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance

-7-

with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

36.     The allegations of Paragraph 36 state conclusions of law and therefore, no response is required.

37.     The allegations of Paragraph 37 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. By way of further response, Panthera has, at all relevant times, fully cooperated with the audits and related requests of Plaintiffs.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief that the Court deems appropriate.

## ANSWER TO COUNT II – CLAIM FOR FRINGES AND DEDUCTIONS

38.     The averments of Paragraphs 1-37 above are incorporated by reference as if fully stated herein.

39.     The allegations of Paragraph 39 state conclusions of law and rely upon the terms of written documents which speak for themselves, and therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

40.     The allegations of Paragraph 40 are directed to a party other than Panthera, and therefore, no response is required. To the extent that a response is required, the allegations are admitted in part and denied in part. It is admitted that Panthera was the subject of an audit for the subject time period and submitted to Plaintiffs certain documents and reports. The remainder of the allegations not specifically admitted are denied.

41.     The allegations of Paragraph 41 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

42.     The allegations of Paragraph 42 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements.

43.     The allegations of Paragraph 43 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

44.     The allegations of Paragraph 44 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

45.     The allegations of Paragraph 45 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is

required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

46.     The allegations of Paragraph 46 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

47.     The allegations of Paragraph 47 state conclusions of law and therefore, no response is required.

48.     The allegations of Paragraph 48 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. By way of further response, Panthera has, at all relevant times, fully cooperated with the audits and related requests of Plaintiffs.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief that the Court deems appropriate.

## ANSWER TO COUNT III – CLAIM FOR FRINGES AND DEDUCTIONS

49.     The averments of Paragraphs 1-48 above are incorporated by reference as if fully stated herein.

50.     The allegations of Paragraph 50 state conclusions of law and rely upon the terms of written documents which speak for themselves, and therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

51.     The allegations of Paragraph 51 are directed to a party other than Panthera, and therefore, no response is required. To the extent that a response is required, the allegations are admitted in part and denied in part. It is admitted that Panthera was the subject of an audit for the subject time period and submitted to Plaintiffs certain documents and reports. The remainder of the allegations not specifically admitted are denied.

52.     The allegations of Paragraph 52 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied.

53.     The allegations of Paragraph 53 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements.

54.     The allegations of Paragraph 54 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same

-11-

are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

55. The allegations of Paragraph 55 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

56. The allegations of Paragraph 56 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

57. The allegations of Paragraph 57 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that Panthera failed to make timely payments in accordance with the subject agreements, or that Panthera is otherwise liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

58. The allegations of Paragraph 58 state conclusions of law and therefore, no response is required.

59.     The allegations of Paragraph 59 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required.  To the extent the allegations vary from the terms of the written documents, the same are denied.  By way of further response, Panthera has, at all relevant times, fully cooperated with the audits and related requests of Plaintiffs.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

## ANSWER TO COUNT IV – ERISA BREACH OF FIDUCIARY DUTY ACTION

60.     The averments of Paragraphs 1-59 above are incorporated by reference as if fully stated herein.

61.     The allegations of Paragraph 61 are admitted in part and denied in part.  It is admitted that Defendant Andrew Manganas serves as an officer of Panthera.  It is denied that Defendants Justin Hauth and Christina Hauth serve as officers of Panthera.

62.     The allegations of Paragraph 62 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required.  In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are responsible in any way for collection of monies payable to the funds.

63.     The allegations of Paragraph 63 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required. In further response, it is denied that Defendants Justin Hauth and Christina Hauth are ultimately responsible for submitting remittance reports to the funds.

64.     The allegations of Paragraph 64 state conclusions of law and, therefore, no response is required. To the extent a response may be required, it is denied that any of the individual Defendants made improper payments for their own personal benefit from the funds of Panthera. It is further denied that Defendants Justin Hauth and Christina Hauth had the authority to make the determination as to what obligations and/or payments of Panthera were to be paid and which ones were not to be paid.

65.     The allegations of Paragraph 65 state conclusions of law, and therefore, no response is required.

66.     The allegations of Paragraph 66 state conclusions of law, and therefore, no response is required. In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are fiduciaries under ERISA.

67.     The allegations of Paragraph 67 state conclusions of law, and therefore, no response is required. To the extent a response may be required, the allegations of paragraph 67 are denied. Further responding, it is denied that Defendants Justin Hauth and Christina Hauth are fiduciaries or otherwise owe fiduciary or other duties to Plaintiffs.

68.     The allegations of Paragraph 68 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

69.     The allegations of Paragraph 69 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same

are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

70.     The allegations of Paragraph 70 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

71.     The allegations of Paragraph 71 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the damages claimed as set forth in this Paragraph.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

## ANSWER TO COUNT V – ERISA BREACH OF FIDUCIARY DUTY ACTION

72.     The averments of Paragraphs 1-71 above are incorporated by reference as if fully stated herein.

73.     The allegations of Paragraph 73 are admitted in part and denied in part. It is admitted that Defendant Andrew Manganas serves as an officer of Panthera. It is denied that Defendants Justin Hauth and Christina Hauth serve as officers of Panthera.

74.     The allegations of Paragraph 74 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required. In further

response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are responsible in any way for collection of monies payable to the funds.

75.     The allegations of Paragraph 75 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required. In further response, it is denied that Defendants Justin Hauth and Christina Hauth are ultimately responsible for submitting remittance reports to the funds.

76.     The allegations of Paragraph 76 state conclusions of law and, therefore, no response is required. To the extent a response may be required, it is denied that any of the individual Defendants made improper payments for their own personal benefit from the funds of Panthera. It is further denied that Defendants Justin Hauth and Christina Hauth had the authority to make the determination as to what obligations and/or payments of Panthera were to be paid and which ones were not to be paid.

77.     The allegations of Paragraph 77 state conclusions of law, and therefore, no response is required.

78.     The allegations of Paragraph 78 state conclusions of law, and therefore, no response is required. In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are fiduciaries under ERISA.

79.     The allegations of Paragraph 79 state conclusions of law, and therefore, no response is required. To the extent a response may be required, the allegations of paragraph 79 are denied. Further responding, it is denied that Defendants Justin Hauth and Christina Hauth are fiduciaries or otherwise owe fiduciary or other duties to Plaintiffs.

80.     The allegations of Paragraph 80 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is

-16-

required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

81.     The allegations of Paragraph 81 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

82.     The allegations of Paragraph 82 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the damages claimed as set forth in this Paragraph.

83.     The allegations of Paragraph 83 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

## ANSWER TO COUNT VI – BREACH OF FIDUCIARY DUTY ACTION

84.    The averments of Paragraphs 1-83 above are incorporated by reference as if fully stated herein.

85.    The allegations of Paragraph 85 are admitted in part and denied in part.  It is admitted that Defendant Andrew Manganas serves as an officer of Panthera.  It is denied that Defendants Justin Hauth and Christina Hauth serve as officers of Panthera.

86.    The allegations of Paragraph 86 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required.  In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are responsible in any way for collection of monies payable to the funds.

87.    The allegations of Paragraph 87 state conclusions of law and rely upon the terms of a written document which speaks for itself, and therefore, no response is required. In further response, it is denied that Defendants Justin Hauth and Christina Hauth are ultimately responsible for submitting remittance reports to the funds.

88.    The allegations of Paragraph 88 state conclusions of law and, therefore, no response is required.  To the extent a response may be required, it is denied that any of the individual Defendants made improper payments for their own personal benefit from the funds of Panthera.  It is further denied that Defendants Justin Hauth and Christina Hauth had the authority to make the determination as to what obligations and/or payments of Panthera were to be paid and which ones were not to be paid.

89.    The allegations of Paragraph 89 state conclusions of law, and therefore, no response is required.

90.     The allegations of Paragraph 90 state conclusions of law, and therefore, no response is required. In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth are fiduciaries under ERISA.

91.     The allegations of Paragraph 91 state conclusions of law, and therefore, no response is required. To the extent a response may be required, the allegations of paragraph 91 are denied. Further responding, it is denied that Defendants Justin Hauth and Christina Hauth are fiduciaries or otherwise owe fiduciary or other duties to Plaintiffs.

92.     The allegations of Paragraph 92 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

93.     The allegations of Paragraph 93 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

94.     The allegations of Paragraph 94 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

95.     The allegations of Paragraph 95 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the damages claimed as set forth in this Paragraph.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

### ANSWER TO COUNT VII – STATE COMMON LAW CONVERSION ACTION

96.     The averments of Paragraphs 1-95 above are incorporated by reference as if fully stated herein. In further response, the allegations contained in Paragraph 96 state conclusions of law to which no response is required. To the extent that a response is required, it is specifically denied that this Court has supplemental jurisdiction over the claims set forth in this Count.

97.     The allegations of Paragraph 97 relate to the terms of the written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required. By way of further response, it is admitted that Panthera withheld monies in accordance with its obligations under applicable agreements. The remainder of this Paragraph is denied.

98.     The allegations of Paragraph 98 relate to the terms of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required. To the extent a response may be required, it is denied that Panthera failed to remit any deductions to the funds in accordance with its obligations under the applicable agreements.

99. The allegations of Paragraph 99 state conclusions of law and rely upon the terms of written documents which speak for themselves, many of which have not been provided to Panthera, and therefore, no response is required. In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth had the authority and responsibility to remit the withholdings to the Funds, and it is denied that any of the individual Defendants "exercised dominion and control" over the subject funds.

100. The allegations of Paragraph 100 state conclusions of law to which no response is required. To the extent a response is required, the same are denied.

101. The allegations of Paragraph 101 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is further specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the calculated amounts of damages as set forth in this Paragraph.

WHEREFORE, Panthera requests: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

### ANSWER TO COUNT VIII – STATE COMMON LAW CONVERSION ACTION

102. The averments of Paragraphs 1-101 above are incorporated by reference as if fully stated herein. In further response, the allegations contained in Paragraph 102 state conclusions of law to which no response is required. To the extent that a response is required, it is specifically denied that this Court has supplemental jurisdiction over the claims set forth in this Count.

-21-

103.    The allegations of Paragraph 103 relate to the terms of the written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required.  By way of further response, it is admitted that Panthera withheld monies in accordance with its obligations under applicable agreements.  The remainder of this Paragraph is denied.

104.    The allegations of Paragraph 104 relate to the terms of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required.  To the extent a response may be required, it is denied that Panthera failed to remit any deductions to the funds in accordance with its obligations under the applicable agreements.

105.    The allegations of Paragraph 105 state conclusions of law and rely upon the terms of written documents which speak for themselves, many of which have not been provided to Panthera, and therefore, no response is required.  In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth had the authority and responsibility to remit the withholdings to the Funds, and it is specifically denied that any of the individual Defendants "exercised dominion and control" over the subject monies and authorized and/or permitted the subject monies to be used to pay other obligations.

106.    The allegations of Paragraph 106 state conclusions of law to which no response is required.  To the extent a response is required, the same are specifically denied, as none of the individual Defendants intentionally converted the subject monies.

107.    The allegations of Paragraph 107 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required.  To the extent the allegations vary from the terms of the written documents, the same

-22-

are denied. It is specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the damages claimed as set forth in this Paragraph.

WHEREFORE, Defendants request: (1) judgment in their favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

### ANSWER TO COUNT IX – STATE COMMON LAW CONVERSION ACTION

108.    The averments of Paragraphs 1-107 above are incorporated by reference as if fully stated herein. In further response, the allegations contained in Paragraph 108 state conclusions of law to which no response is required. To the extent that a response is required, it is specifically denied that this Court has supplemental jurisdiction over the claims set forth in this Count.

109.    The allegations of Paragraph 109 relate to the terms of the written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required. By way of further response, it is admitted that Panthera withheld monies in accordance with its obligations under applicable agreements. The remainder of this Paragraph is denied.

110.    The allegations of Paragraph 110 relate to the terms of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required. To the extent a response may be required, it is denied that Panthera failed to remit any deductions to the funds in accordance with its obligations under the applicable agreements.

111.    The allegations of Paragraph 111 state conclusions of law and rely upon the terms of written documents which speak for themselves, many of which have not been provided to

Panthera, and therefore, no response is required. In further response, it is specifically denied that Defendants Justin Hauth and Christina Hauth had the authority and responsibility to remit the withholdings to the Funds, and it is specifically denied that any of the individual Defendants "exercised dominion and control" over the subject monies and authorized and/or permitted the subject monies to be used to pay other obligations.

112.    The allegations of Paragraph 112 state conclusions of law to which no response is required. To the extent a response is required, the same are specifically denied, as none of the individual Defendants intentionally converted the subject monies.

113.    The allegations of Paragraph 113 state conclusions of law and rely upon the terms and conditions of written documents which speak for themselves, and, therefore, no response is required. To the extent the allegations vary from the terms of the written documents, the same are denied. It is specifically denied that any of the individual Defendants or Panthera is liable to Plaintiffs for the damages claimed as set forth in this Paragraph.

WHEREFORE, Defendants request: (1) judgment in their favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

## ANSWER TO COUNT X – INJUNCTION

114.    The averments of Paragraphs 1-113 above are incorporated by reference as if fully stated herein.

115.    The allegations of Paragraph 115 are scandalous, impertinent and state conclusions of law, and therefore, no response is required. To the extent that a response is required, the allegations concerning Defendants' alleged noncooperation and other alleged improper actions of Defendants are specifically denied. It is further denied that an injunction is

-24-

an appropriate in this matter, or even an available remedy under the circumstances of this matter, where counsel for Panthera have consistently demonstrated a willingness and good faith to cooperate with all reasonable demands of Plaintiffs, and to otherwise avoid any further needless recourse to this Honorable Court.

116.    Denied.  In further response, it is denied that an injunction is an appropriate or available remedy under the circumstances of this matter.  By way of further response, see Defendants' Answer to Paragraph 115 of Plaintiffs' Amended Complaint, set forth immediately above, which is incorporated herein as if stated at length.

WHEREFORE, Defendants request: (1) judgment in their favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

## ANSWER TO COUNT XI – PROHIBITED TRANSACTION

117.    The averments of Paragraphs 1-116 above are incorporated by reference as if fully stated herein.

118.    The allegations of Paragraph 118 state conclusions of law and rely upon the terms of written documents, which were not attached to the Amended Complaint and otherwise speak for themselves, and therefore, no response is required.

119.    The allegations of Paragraph 119 state conclusions of law, and therefore, no response is required.

120.    The allegations of Paragraph 120 state conclusions of law, and therefore, no response is required.

121.    The allegations of Paragraph 121 state conclusions of law, and therefore, no response is required.

122.    Plaintiffs failed to include a Paragraph 122 in their Amended Complaint.

123.    The allegations of Paragraph 123 state conclusions of law, and therefore, no response is required.

124.    The allegations of Paragraph 124 state conclusions of law, and therefore, no response is required.

125.    The allegations of Paragraph 125 state conclusions of law, and therefore, no response is required. To the extent that a response is required, it is specifically denied that any alleged act or omission of the individual Defendants violated any of the statutes cited by Plaintiffs.

126.    The allegations of Paragraph 126 state conclusions of law, and therefore, no response is required. To the extent that a response is required, it is specifically denied that any alleged act or omission of the individual Defendants violated any of the statutes cited by Plaintiffs, or otherwise caused any damages to Plaintiffs.

WHEREFORE, Defendants request: (1) judgment in its favor and against Plaintiffs on this Count; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; and (3) any and all further relief the Court deems appropriate.

Any and all allegations, averments, Paragraphs or subparts of Paragraphs not specifically admitted above are hereby specifically denied, and strict proof of the same is demanded at trial.

AND NOW WHEREFORE, Defendants request: (1) judgment in their favor and against Plaintiffs on all Counts in the Amended Complaint; (2) a reasonable time to produce any further documents or records requested by Plaintiffs; (3) that all Counts against Defendants in the Amended Complaint or otherwise raised in this litigation be dismissed, with prejudice; and (4) any and all further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

1.     The Amended Complaint fails to state any claim against Defendants upon which relief may be granted.

2.     Plaintiffs' claims are barred because Defendants substantially complied with the relevant federal law applicable to the subject matter, and all other statutes, regulations or common law cited by Plaintiffs' Amended Complaint.

3.     Plaintiffs' state law claims are barred by the doctrine of preemption under ERISA, and this Court otherwise lacks subject matter jurisdiction over Plaintiffs' state law claims.

4.     Plaintiffs' claims are barred in whole or in part because certain of the Defendants, including the individual Defendants, Justin Hauth and Christina Hauth, did not owe a duty to Plaintiffs and were added for purposes of harassment and malicious prosecution.

5.     Plaintiffs' claims are barred in whole or in part by the doctrines of payment and/or partial payment.

6.     Defendants reserve the right to amend their Amended Answer and Affirmative Defenses to Plaintiffs' Amended Complaint, and to raise any and all other or additional defenses that may become apparent in the course of this action as they obtain additional information through discovery or otherwise.

WHEREFORE, Defendants demand judgment in their favor and against Plaintiffs, along with dismissal of Plaintiffs' claims, with prejudice, together with any and all further relief the Court may deem appropriate.

> Respectfully submitted,
>
> SAUL EWING, LLP
>
> By: /s/ Ericson P. Kimbel
> Ericson P. Kimbel, Esq.

PA ID No. 85074
ekimbel@saul.com

Joseph H. Bucci, Esq.
PA ID No. 53434
jbucci@saul.com

Michael J. Joyce, Esq.
PA ID No. 311303
mjoyce@saul.com

One PPG Place, 30th Floor
Pittsburgh, PA  15222
Telephone: (412) 209-2500

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT was served by electronic mail on December 27, 2013 through the Court's CM/ECF system upon the following counsel of record:

<div align="center">

Jeffrey J. Leech, Esquire
Neil J. Gregorio, Esquire
Tucker Arensberg, P.C.
1500 One PPG Place
Pittsburgh, Pennsylvania 15222
jleech@tuckerlaw.com; ngregorio@tuckerlaw.com

---

Dawn M. Costa, Esquire
Jennings Sigmund, P.C.
510 Walnut Street, 16th Floor
Philadelphia, PA 19106
dcosta@jslex.com

</div>

SAUL EWING, LLP

By: /s/ Ericson P. Kimbel
Ericson P. Kimbel, Esq.
PA ID No. 85074
ekimbel@saul.com

Joseph H. Bucci, Esq.
PA ID No. 53434
jbucci@saul.com

Michael J. Joyce, Esq.
PA ID No. 311303
mjoyce@saul.com

One PPG Place, 30th Floor
Pittsburgh, PA  15222
Telephone: (412) 209-2500

*Counsel for Defendants*

22182v1