IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **I.U.P.A.T. DISTRICT COUNCIL #57 WELFARE, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,** by ANTHONY DESTEFANO, in his official capacity as a fiduciary and *I.U.P.A.T. DISTRICT COUNCIL #57,* et al., ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. 13-364<br><br>JUDGE JOY FLOWERS CONTI |
| Plaintiffs, ) ) ) ) ) | |
| v. ) ) | |
| **PATHERA PAINTING, INC.** et al., ) ) | |
| Defendants. ) | |

## CASE MANAGEMENT ORDER- PRETRIAL

AND NOW, this 16th day of December, 2014,

IT IS ORDERED that:

1. Local Rule LR 16.1. The above-captioned civil action is hereby placed under Local Rule LR 16.1 of this court. All provisions of the Rule will be strictly enforced.

2. Settlement Negotiations. Counsel for the parties shall confer with their clients before all case management, status or pretrial conferences to obtain authority to participate in settlement negotiations conducted by the court. Counsel are encouraged to appear with their individual clients or with principals of corporate or other clients at all such conferences or to instruct such clients or principals to be available by telephone at the time of such conferences to facilitate settlement negotiations.

3. Pretrial Procedures. Compliance with the provisions of Local Rule LR 16.1 shall be completed as follows:

(A) Plaintiff's pretrial narrative statement shall be filed on or before **January 2, 2015.** Defendant's pretrial narrative statement shall be filed on or before **January 16, 2015.** Plaintiff's pretrial narrative statement shall comply with Local Rule LR 16.1.4.A.1-6 as described in Paragraph 6 of this order. Defendant's pretrial narrative statement shall comply with Local Rule LR 16.1.4.B.1-6 described in Paragraph 6 of this order.

(B) The parties shall meet in an attempt to agree on stipulations, proposed voir dire, proposed jury instruction[s] and proposed verdict slip[s]. After the meeting, the parties shall file a unified (meaning one) combined set of stipulations, proposed voir dire, proposed jury instruction[s] and proposed verdict slip[s]. The combined set shall include stipulations, proposed voir dire, proposed jury instruction[s] and proposed verdict slip[s] which have been agreed upon and shall also contain proposed voir dire, proposed jury instruction[s] and verdict slip[s] which have not been agreed upon. Each matter shall be grouped together by kind of matter, *i.e.*, stipulations, voir dire, etc., and within each kind of matter the items to be considered shall each be set forth in a separate paragraph. Each separate paragraph shall contain the following notation at the end of the paragraph: "The matter set forth in this paragraph is [agreed/not agreed] upon by the parties." If a matter is not agreed upon the notation at the end of the paragraph shall identify the party proffering the item and below that paragraph each party shall explain the legal or factual basis for the disagreement among the parties.

<u>The court will not accept separate stipulations, proposed voir dire, proposed jury instruction[s] and proposed verdict slip[s] from the parties</u>.  Stipulations, proposed voir dire, proposed jury instruction[s] and proposed verdict slip[s] shall be filed on or before **January 23, 2015.**

(C) Court time may not be used for marking exhibits.  Counsel shall prepare a joint set of exhibit books.  Each exhibit book shall contain both an exhibit list and the exhibits.  The exhibit list shall be placed at the beginning of the book to identify each exhibit by name, letter/number, and whether counsel stipulate or object to the use of that exhibit.  The exhibits shall be placed in an order to logically follow the course of the trial.  Counsel shall provide one (1) copy of the joint set of exhibit books to the court no later than **January 23, 2015**.  Any objections to exhibits must be briefed and filed with the court at the same time that the joint set of exhibits books are provided.  Written responses to objections to exhibits shall be filed within two (2) business days of the submission of the joint set of exhibit books and objections.  If there will be video testimony, and objections were made on the videotape or electronic medium, the parties must file a motion with respect to their objections at the time that they submit the joint exhibit books no later than two weeks prior to the start of trial.  Written responses to objections relating to video testimony shall be filed within two (2) business days of the submission of the joint set of exhibit books and objections.  If necessary, the court will schedule a pretrial hearing with respect to disputes relating to trial exhibits or video testimony.

(D)  Motions in Limine shall be filed on or before **January 16, 2015.**
Responses to Motions in Limine shall be filed on or before **January 26, 2015.**
Presumptive Hearing Date on Motions in Limine is scheduled at **11:00 AM** on **February 6, 2015**, Courtroom 5A, Fifth Floor, United States Courthouse, Pittsburgh, Pennsylvania 15219.

4.  Pretrial Conference.  A PRETRIAL CONFERENCE is scheduled at **11:00 AM** on **February 6, 2015**, Suite 5250, Fifth Floor, United States Courthouse, Pittsburgh, Pennsylvania 15219.

5.  Pretrial Stipulation.  After the pretrial conference, counsel for the parties may be ordered by the court to meet at a mutually convenient place to complete a pretrial stipulation to further delineate the legal and factual issues involved in the action.

6.  Contents of Pretrial Statements.  As provided in Local Rule LR 16.1.4 of this court, the parties' pretrial statements shall set forth the information hereinafter described:

(A) Factual and Legal Contentions.  A brief but full exposition shall be made of the legal theories that will be pursued at trial and a statement shall be made, in narrative form, of the material facts that will be offered at trial.

(B) Damages.  An itemized list shall be set forth of all damages claimed, including the method of calculation and how damages will be proved.

(C) Witnesses.  Each party shall list those witnesses to be called at trial other than those contemplated to be used for impeachment or rebuttal purposes.

(1) Witnesses shall be identified by their full names and addresses.

(2) Witnesses shall be separately listed and designated as to liability and damages.

(3) All witnesses who will testify as experts shall be designated as such. The report of each witness designated as an expert shall be attached to the pretrial statement. The testimony of an expert witness will be confined to those matters set forth in his or her report.

(4) A copy of each report containing the findings and conclusions of any physician who has treated or examined or who has been consulted in connection with any injury complained of and whom a party expects to call as a witness at trial must be attached to the party's pretrial statements. The testimony of each such witness will be confined to the scope of his or her report.

(D) Exhibits. Each party shall specifically identify and list each exhibit that will be offered at trial.

(1) Each exhibit must be identified by number or letter on the party's pretrial statement. Plaintiffs shall use numbers, and defendants shall use letters.

(2) The pretrial statement shall indicate the parties' agreement or disagreement as to the authenticity and admissibility of each exhibit.

(3) Each party shall designate every issue that he or she considers unusual in the case.

(E) Amendment of Pretrial Statements. The parties shall not amend or supplement their pretrial statements without leave of court.

(F) Sanctions. At trial, each party shall be limited to those factual and legal issues contained in his or her pretrial statements. All evidence, except

evidence offered for impeachment, that does not relate to a factual or legal issue set forth in the pretrial statement or disclosed at the pretrial conference shall be excluded unless the parties otherwise agree or the court orders otherwise.

7. Presumptive Trial Date. The above-captioned action shall presumptively be listed for trial on **February 10, 2015.** Counsel are instructed to review the provisions of Local Rule LR 16.1.

8. Additional Pretrial Requirements. In addition to the foregoing requirements relating to pretrial statements, the parties shall also comply with the following pretrial requirements for plaintiff and defendant's on or before the date the parties respective pretrial narrative statement is required to be filed.

(A) Discovery Depositions. A party intending to use a discovery deposition in its case-in-chief shall:

(1) Identify the deposition by the name of the deponent and date of his or her deposition;

(2) Designate to the court and to the opposing party the pages and lines that will be offered at trial; and

(3) Opposing counsel shall counter-designate those lines and pages of the same deposition that will be offered at trial.

(B) Settlement Negotiations. The parties shall extensively pursue settlement negotiations and advise the court of their status. Parties shall be prepared to discuss settlement and have the appropriate authority to settle the case at all conferences.

      (C)  Trial Time.  The parties shall be prepared to state at the conference scheduled by paragraph 4 hereof and estimate of the number of days required to trial.

          <u>/s/ Joy Flowers Conti</u>
          Joy Flowers Conti
          United States District Judge