IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **I.U.P.A.T. DISTRICT COUNCIL #57 WELFARE, ANNUITY, APPRENTICESHIP, and LABOR MANAGEMENT COOPERATION FUNDS,** by ANTHONY DESTEFANO, in his official capacity as a fiduciary and I.U.P.A.T. DISTRICT COUNCIL #57, et al., <br><br> Plaintiffs, <br><br> v. <br><br> **PATHERA PAINTING, INC.** et al., <br><br> Defendants. | CIVIL ACTION NO. 13-364 <br><br> JUDGE JOY FLOWERS CONTI |

ORDER ON TRIAL PROCEDURES AND MATTERS RELATING TO THE JURY

AND NOW, this 5th day of January, 2015,

I T IS ORDERED that:

The following instructions regarding trial procedures and matters relating to the jury shall be complied with by the parties and their counsel:

1. **Trial Days/Hours; Recess/Adjournment; Courtroom Demeanor**

    a. Court is normally in session Monday through Thursday, 9:30 a.m. to 4:30 p.m. with breaks at approximately 11:00 a.m. and 3:00 p.m. Fridays, unless otherwise ordered by the court, are reserved for pretrial and status conferences, sentences and evidentiary hearings.

Counsel must be available at 9:00 a.m. and 4:30 p.m. on days the court is in session to meet with the court concerning scheduling, trial problems, and to obtain advance rulings on evidentiary or other issues.

   **b.**  Counsel should be on time for each court session.  Trial engagements take precedence over any other business.  If counsel has matters scheduled in other courtrooms, appropriate motions to accommodate those obligations must be promptly filed.

   **c.**  When the court recesses or adjourns, attorneys and their support people, as well as witnesses, shall stay in place until the jury has left the courtroom.

   **d**.  Court staff should not be addressed on a first name basis.  Court staff should be referred to as "Mr." or "Ms." followed by the appropriate surname.  Counsel should inform the parties that the parties should not communicate directly with court staff.  Parties should communicate with court staff only through their counsel.

  **2.**  **First Day of Trial**

   On the first day of trial, counsel will meet with the court at 9:15 a.m. to discuss any matters regarding the trial, including scheduling or trial problems.  It is expected that unless ordered otherwise the parties will have previously obtained advance rulings on evidentiary or other issues as required by section 8(b) of this order.  At this conference, counsel shall provide the court with a final witness list (not to include impeachment or rebuttal witnesses) and two (2) joint sets of exhibit books (described in further detail in section 6b).

  **3.**   **Juror Notetaking**

   Jurors are permitted to take notes.

  **4.**  **Opening Statements**

In the counsel's opening statement to the jury, which shall not exceed one hour for each side unless prior leave of court is obtained, counsel should not argue the case or discuss law. Co-counsel are not permitted to split up the opening statement. Counsel should confine himself or herself to a concise summary of the important facts which counsel intends to prove. Counsel should not describe in detail what particular witnesses will say. With advance notice and approval of the court, visual aids and exhibits may be used during opening statements.

5.   **Examination of Witnesses**

a.  Counsel should not greet or introduce himself or herself to witnesses. Examination should be commenced without preliminaries.

b.  Witnesses should not be addressed on a first name basis. Witnesses should be referred to as "Mr." or "Ms." followed by the appropriate surname. Professional witnesses should be referred to by their appropriate title, i.e., doctor, professor, etc.

c.  Counsel should not pace about the courtroom when questioning witnesses. This conduct distracts the jury and wastes time. Counsel may take any position in which they are comfortable, sitting or standing, when questioning witnesses.

d.  Each witness may be examined and cross-examined by only one attorney representing each party. That attorney will also make all objections and speak for his or her client at all side bar conferences.

e.  The court limits examination of each witness to direct examination, cross-examination, redirect examination, and recross-examination. That means that each party may question a witness only twice.

   **f.** Where appropriate, witnesses may be examined out of sequence upon request of a party. Witnesses may be examined in any order to which counsel agrees. For example, counsel could agree that expert witnesses for each side will testify back to back.

   **g.** If exhibits are not being shown to a witness through electronic means counsel may approach witnesses without leave of court for purposes of identifying and interrogation concerning exhibits.

   **h.** Counsel should not face or otherwise appear to address himself or herself to jurors when questioning a witness. Counsel should not lean on the jury box or place papers in the jury box. Counsel should not use facial grimaces or other conduct in the presence of the jurors to indicate disbelief or belief in testimony or criticism of questions asked by opposing counsel. Histrionics by counsel are not permitted.

   **i.** Counsel shall not approach the jury without leave of court.

   **j.** There should be no requests for offers of proof during trial as the parties will have discussed the next day's witnesses at the 4:30 p.m. conference with the court or at the following day's conference at 9:00 a.m.

  **6.**  **Exhibits**

   **a.** On the first day of trial, counsel shall provide to the court a revised joint set of exhibits which shall reflect any changes or additions required after resolution of objections. All exhibits that are stipulated to will be admitted into evidence.

   **b.** In advance of each trial session, counsel for the party going forward at that session must identify to opposing counsel the exhibits from the joint set of exhibit books that he intends to introduce at the session.

   **c.**  The court's exhibit book must remain on the table immediately in front of the bench at all times, except when being used as part of the examination of a witness.  Do not take the court's exhibit book to counsel table.

   **d.**  If counsel intends to question a witness about any document or exhibit, counsel shall use the court's electronic technology.

   **e.**  At the conclusion of the trial, counsel will be responsible for removing any exhibits not admitted during the trial and updating the exhibit list in the court's exhibit book.

  **7.**  **Technology and Reading Material into the Record**

   **a.**  Counsel are required to use the technological equipment in the courtroom for purposes of demonstrative evidence.  Counsel are required to familiarize themselves with this equipment prior to trial, and to adapt their exhibits for use on that equipment.  Without specific prior approval, counsel will not be permitted to approach the jury with exhibits, or hand exhibits to the jurors for review.  Rather, all exhibits will be processed through the technological equipment in the courtroom.  Any questions in this regard shall be directed to my courtroom deputy, Sharon Conley.

   **b.**  Counsel can devise their own methodology for reading material into the record, provided opposing counsel agrees.

  **8.**  **Objections and Side Bar Conferences**

   **a.**  When counsel makes objections, the objection and the legal basis for the objection must be stated.  **<u>In the presence of the jury, counsel should not make any further argument concerning the objection and should not argue with the ruling of the court on the</u>**

**objection.**  Arguments with respect to objections will generally be heard at the 4:30 p.m. conference with the court, at the following day's conference at 9:00 a.m. or at side bar.

      **b.**  Side bars are highly disfavored because they waste the jury's time and unduly extend the length of the trial.  Counsel are required to file motions in limine together with supporting briefs at least one week in advance of trial with regard to evidentiary matter.  Counsel will meet with the court at 9:00 a.m. (or earlier if necessary) and 4:30 p.m., each day to raise points of evidence or other issues that could not have been anticipated earlier and would otherwise necessitate a side bar conference

      **9.**    **Motions for Judgment as a Matter of Law**

      The only requirements for motions for judgment as a matter of law are in the Federal Rules of Civil Procedure and the Order on Motion Practice entered in this case.

      **10.**    **Closing Argument**

      The court will charge the jury prior to closing arguments.  In a counsel's final, closing argument, counsel may quote the charge verbatim on a particular subject.  Closing argument for each side shall not exceed one hour unless prior leave of court is obtained.  Co-counsel are not permitted to split up closing arguments.  Counsel shall not argue any facts unless there was evidence in the trial to support the facts and counsel shall not argue any law unless it was set forth in the court's instructions.  After the closing arguments, the court will instruct the jury about the process of jury deliberations.

      **11.**    **Jury Deliberations**

      **a.**  The jury will be provided with a copy of the jury instructions.

      **b.**  Generally, the jury has with it all exhibits during its deliberation.

  **c.**  Jury requests to read back testimony or replay video testimony during deliberations are permitted when the jury is able to point to a specific portion of the testimony or videotape.

  **d.**  All written questions submitted by the jury are supplied to counsel. Counsel and the court meet in chambers to discuss and hopefully agree on a reply. The jury may be summoned to the courtroom and the verbal reply given to them.  A written reply may also be provided when appropriate.

  **e.**  Trial counsel need not remain in the courtroom area, but must be available by telephone in order to meet in chamber within five minutes of being called..

  **12.** **Interviewing the Jurors**

  Interviewing of jurors post-verdict is discouraged, but the jurors are told that it is up to them to decide if they choose to be interviewed.

      BY THE COURT:


      <u>/s/ Joy Flowers Conti</u>
      Joy Flowers Conti
      Chief United States District Judge